MAUREEN E. MCCLAIN, Bar No. 062050
MATTHEW P. VANDALL, Bar No. 196962
BARBARA I. ANTONUCCI, Bar No. 209039
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Fax No:       415.399.8490
E-mail:        mmcclain@littler.com
                  mvandall@littler.com
                  bantonucci@littler.com

Attorneys for Defendants
NEW CREATIVE MIX INC., NEW GAMES
PRODUCTIONS INC., NICKELODEON AND
MTV NETWORKS, A DIVISION OF VIACOM
INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANIA LINDAHL, on behalf of herself, all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>MTV NETWORKS, INC., NICKELODEON, NEW GAMES PRODUCTION, INC. NEW CREATIVE MIX, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. CV-10-04448-SBA (LB)<br><br>**STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER**<br><br>COMPLAINT FILED:  October 1, 2010<br>FIRST AMENDED<br>COMPLAINT FILED:  December 20, 2010<br>TRIAL DATE:  No date set. |

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER

Case No. CV-10-04448-SBA (LB)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1   Plaintiff DELANIA LINDAHL ("Plaintiff") and Defendants NEW CREATIVE MIX
2   INC., NEW GAMES PRODUCTIONS INC., NICKELODEON AND MTV NETWORKS, A
3   DIVISION OF VIACOM INTERNATIONAL INC. ("Defendants"), through their respective
4   counsel, seek this Court's approval of this Stipulation of Confidentiality and Protective Order.
5   WHEREAS, pretrial discovery in *Delania Lindahl v. MTV Networks, et al.*, Case No.
6   CV-10-04448-SBA (the "Action"), may require disclosure of confidential information and
7   documents, including proprietary material, company confidential, trade secret, personnel
8   information, or other confidential information (the "Confidential Materials"); and
9   WHEREAS, Plaintiff and Defendants (collectively the "Parties") desire to maintain
10  the confidentiality of the Confidential Materials.
11  NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to
12  this Action, through their respective counsel, as follows:

### CONFIDENTIAL MATERIALS

14  1.   Each Party to this Action who, in response to a discovery request, or by way
15  of voluntary disclosure, produces or discloses (the "Disclosing Party") any matter, including
16  documents, things, testimony or information which such Party reasonably and in good faith believes
17  to comprise or contain Confidential Materials may designate the same "CONFIDENTIAL." Neither
18  party shall designate any discovery materials as "CONFIDENTIAL" without first making a
19  determination that the information is properly subject to protection under Fed. R. Civ. P. 26(c) and
20  that such protection is warranted in good faith.
21  2.   The Disclosing Party shall designate as "CONFIDENTIAL" only information
22  that the Disclosing Party in good faith believes is confidential, that normally would not be revealed
23  to third parties, and that is maintained in confidence.
24  3.   All information designated as "CONFIDENTIAL" by the Disclosing Party
25  shall not be disclosed by any of the other Parties to any person or entity other than those persons
26  designated herein and, in any event, shall not be used for any purpose other than in connection with
27  the Action. Such information may be disclosed only to the following:
28  (a)   The Court (subject to provisions for filing under seal, set out below);

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER         1.         Case No. CV-10-04448-SBA (LB)

1   (b)   Counsel of record for any Party, including their associates, paralegals, and clerical personnel;

2   (c)   The Parties, including employees and agents of the Parties;

3   (d)   A current or former officer, director, agent, registered representative or employee of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

4   (e)   Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, accountants, marketing consultants, financial advisors, statisticians and economists), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation, provided that no such disclosure shall be made to any person employed by any competitor of Defendant, except upon further order of the Court;

5   (f)   Any court reporter who takes testimony;

6   (g)   A non expert witness or potential witness at or for any deposition or other proceeding in this Action; and

7   (h)   Any other person as to whom the Parties agree in writing.

To the extent counsel or any of their expert consultants, witnesses, or potential witnesses prepare summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared, such summaries shall be subject to the terms of this Protective Order.

4.   No disclosure of materials designated as "CONFIDENTIAL" by any Disclosing Party may be made to any person pursuant to the terms of paragraphs 3(d), 3(e), 3(g) or 3(h) unless that person first executes an agreement to be bound by the terms of this Order in the form attached hereto as **Exhibit A**.  This Order shall be binding upon the Parties (including all employees and agents of the Parties), counsel for any Party (including their associates, paralegals, and clerical personnel), and all persons who, pursuant to the preceding sentence, have executed an agreement to be bound by the terms of this Order.  No person or entity upon whom this Order is binding shall use materials designated as "CONFIDENTIAL" for any purpose other than in connection with the Action.  If a witness at a deposition refuses to sign **Exhibit A**, the Parties shall meet and confer with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER         2.         Case No. CV-10-04448-SBA (LB)

each other and, if necessary, submit the issue to the Court prior to the disclosure to the witness of any "CONFIDENTIAL" document.

5. Counsel shall keep a record of all copies of each "CONFIDENTIAL" document distributed, in whole or in part, to any qualified person. Any copy so distributed shall be returned to the distributing counsel after the completion of the qualified person's consultation or participation in this action.

6. With respect to documents which the Disclosing Party reasonably believes contain Confidential Materials, the Disclosing Party shall either stamp such documents "CONFIDENTIAL" before the time of production or when photocopied and delivered or designate categories of documents in container(s) marked "CONFIDENTIAL" and provide a description of the designated categories of documents in the container(s). Such documents will also bear a Bates stamp number, or some other mutually agreeable identifying number.

7. To the extent Confidential Materials or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. On the record at a deposition, a Party may designate as "CONFIDENTIAL" the testimony which it reasonably believes discloses Confidential Materials. The Designating Party shall be responsible to instruct the court reporter to segregate confidential from non confidential testimony and exhibits in separate transcripts. Confidential portions of deposition transcripts shall be treated in the same manner as any other "document" described in this Order.

8. Nothing in this Protective Order shall prevent any Party from disclosing its own Confidential Materials as it deems appropriate. Such disclosure shall not constitute a waiver of the designation of such confidential materials as "CONFIDENTIAL."

9. If any Party objects to the designation of any materials as "CONFIDENTIAL," that Party shall state the objection by letter to counsel for the Party making the designation. Each Party shall have the right, on reasonable notice, and after meeting and conferring with the Designating Party in a good faith effort to resolve the matter informally, to apply to the Court for a determination of the issue. Until the Court rules on the motion, the materials shall

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER     3.     Case No. CV-10-04448-SBA (LB)

continue to be treated and designated as "CONFIDENTIAL."  The burden of establishing that any information designated as "CONFIDENTIAL" meets the definition set forth herein shall be on the Party which seeks to uphold the designation.

10. Any Party seeking to file Confidential Materials under seal with the Court must first allow the designating part a reasonable opportunity to obtain an order from the Court, pursuant to Civil Local Rule 79-5, authorizing the sealing of the particular documents, or portions thereof.  Once the Party seeking to file Confidential Materials with the Court under seal has obtained an order from the Court authorizing the sealing of the particular documents, or portions thereof, the Party may then file Confidential Materials with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court entered [date of this Order], contains confidential information, and is not to be opened or the contents revealed except by order of the Court.

If the Court denies the application, the Party wishing to file the Confidential Materials is free to do so in the normal course and not under seal regardless of the terms of this Protective Order.

11. Any court hearing which refers to or describes confidential information may, in the Court's discretion, be *in camera*.

12. If a Party in possession of materials designated as "CONFIDENTIAL" receives a subpoena from a non party to this Protective Order which seeks production or other disclosure of Confidential Materials, it or he shall immediately give written notice to counsel for the Party who designated the materials as "CONFIDENTIAL" stating the materials sought and enclosing a copy of the subpoena.  Where possible, at least 10 days' notice before production or other disclosure should be provided.  In no event shall production or disclosure be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER    4.    Case No. CV-10-04448-SBA (LB)

13. Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or return them to the Disclosing Party; provided, however, that this obligation shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court.  The Parties further agree that their obligations under this Protective Order will not terminate upon final resolution of this Action, and that this Protective Order will remain in effect in perpetuity.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action.  The entry of this Order shall not be construed as a waiver of any right to object on any other grounds to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation to produce information in the course of discovery.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16. This Protective Order shall not control the use of any evidence during the trial of this Action.  However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

17. After the date of the Protective Order, if a Party inadvertently produces or provides discovery of any Confidential Materials without designating them as such, the Disclosing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s), information, response, testimony, or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Order.  The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received.  The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER      5.      Case No. CV-10-04448-SBA (LB)

18. The Parties, and any other person subject to the terms of this Order, agree that after this Action is terminated this Court shall have and retain jurisdiction over him, her, or it for the purpose of enforcing this Order for ninety (90) days following the termination of this Action.

19. The Court may modify the Protective Order in the interests of justice or public policy.

**I HEREBY ATTEST THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.**

Dated: April 13, 2011

*/s/ Barbara I. Antonucci*
BARBARA I. ANTONUCCI
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NEW CREATIVE MIX INC., NEW GAMES PRODUCTIONS INC., NICKELODEON AND MTV NETWORKS, A DIVISION OF VIACOM INTERNATIONAL INC.

Dated: April 13, 2011

*/s/ Courtney Abrams*
COURTNEY ABRAMS
SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON, LLP
Attorneys for PLAINTIFF
DELANIA LINDAHL

**IT IS SO ORDERED.**

Dated:   April 18, 2011

_____
HON. LAUREL BEELER
United States Magistrate Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" — Judge Laurel Beeler]*

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER    6.    Case No. CV-10-04448-SBA (LB)

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**EXHIBIT A**

<u>WRITTEN ASSURANCE OF CONFIDENTIALITY</u>

I, _____, have read and fully understand the "Stipulation of Confidentiality and Protective Order" in *Delania Lindahl v. MTV Networks, et al.*, Case No. CV-10-04448-SBA. I agree to comply with and be bound by the Protective Order. I agree that I will not disclose any Confidential Materials, as defined in the Protective Order, to any persons or in any manner not specifically authorized by the Protective Order, and I agree that I will not copy, use or disclose any Confidential Materials except solely in connection with the case referenced above.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration was executed at _____, _____, on _____, 2011.

Signed: _____

Firmwide:101160474.1 061640.1010

---

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER   7.   Case No. CV-10-04448-SBA (LB)